**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      In the Matter of S.W.

Appellate case number:   01-12-01089-CV

Trial court case number:  1203906J

Trial court:                      314th District Court of Harris County

Appellant's brief in this appeal was originally due on February 4, 2013. The brief was not filed, and a late brief notice was sent on February 15, 2013. No brief has been filed. This is an appeal from a delinquency proceeding, and although delinquency proceedings are civil proceedings, they are quasi-criminal in nature. *See In re M.P.A.*, 364 S.W.3d 277, 282 n. 2 (Tex. 2012).

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which appellant's attorney Marc Isenberg and a representative of the State shall be present. Appellant shall also be present; if appellant is now incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to make written findings regarding the following:

1) Whether appellant wishes to pursue this appeal; and if so,
2) Whether good cause exists to relieve Marc Isenberg of his duties as appellant's counsel;
   a. if good cause does exist, enter an order relieving Marc Isenberg of his duties as appellant's counsel and appointing substitute counsel for appellant;
   b. if good cause does not exist, order Marc Isenberg to file a brief in this Court no later than 30 days from the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(a), (b), (c); TEX. R. APP. P. 38.8.

---

[1]   Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter record the hearing and file the reporter's record of the hearing with this Court **no later than 20 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court **no later than 20 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Justice Evelyn V. Keyes
       ☑ Acting individually    ☐ Acting for the Court

Date: March 26, 2013